UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RADCLIFFE B. LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Case No. 11-663 (RJL) |
| ) | |
| TRUMAN A. MORRISON III, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

MEMORANDUM OPINION

**FILED**
**JAN - 6 2012**
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

I. Introduction.

Petitioner has filed a combined petition for a writ of habeas corpus, habeas data, and amparo. Because petitioner does not appear to be in any sort of custody, the Court lacks jurisdiction to consider his petitioner for a writ of habeas corpus. Furthermore, the jurisprudence of the United States does not recognize the writs of habeas data or amparo. This case will therefore be dismissed.

II. Analysis.

In a rambling and largely incoherent petition for a writ of habeas corpus, petitioner mentions two criminal cases before the Superior Court of the District of Columbia: one from 1994, in which he was charged with simple assault, and one from 2011, in which he was charged with unlawful entry. Pet. for a Writ of Habeas Corpus et Habeas Data et Habeas Amparo by a Person in Custody in the District [of] Columbia, at 2, ECF No. 1 [hereinafter Pet.]. The substance of the petition, however, only concerns the 2011 case. *See id.* at 5–8. Petitioner makes myriad arguments in support of his petition, all relating to the Superior Court's jurisdiction, his counsel, and the legality of his arrest. Pet. at 5–8. He directs his petition at

Superior Court Judge Truman A. Morrison III, as well as "other Senior Judges" and "Others Unknown and Unidentified" of the Superior Court. Pet. at 1.

A petitioner must be in *some* sort of custody to give a federal district court jurisdiction to consider a petition for a writ of habeas corpus. 28 U.S.C. § 2241(c). When petitioner commenced this case, he was subject to an obligation to appear before the Superior Court in the 2011 case—an obligation that he shirked, resulting in the issuance of a bench warrant for his arrest. That obligation or warrant may have been sufficient to establish custody over petitioner. *See Hensley v. Mun. Ct., San Jose Milpitas Judicial Dist., Santa Clara Cnty., Cal.*, 411 U.S. 345, 351 (1973) (concluding that a criminal defendant who had been convicted by a state court and released on personal recognizance pending execution of his sentence was nonetheless in custody because he was "subject to restraints 'not shared by the public generally,'" such as "the obligation to appear" at court proceedings (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). However, a review of the docket sheet for the 2011 case—*United States v. Lewis*, No. 2011 CMD 3614—shows that the bench warrant was quashed on June 7, 2011 and that the case was dismissed on August 23, 2011. Petitioner is therefore no longer in any custody upon which the Court can base its jurisdiction to consider the petition. The petition must therefore be dismissed.

Petitioner also requests the issuance of a writ of "habeas data." Pet. at 1, 5. The jurisprudence of the United States does not recognize such a writ.[1] The petition for this writ must therefore be denied.

---

[1] As far as this Court can tell, a writ of habeas data has never been issued by a United States court. *See Ramos-Hernandez v. Shinseki*, No. 11-2876, 2011 WL 5027449, at *2 (Vet. App. Oct. 24, 2011) (declining to issue a writ of habeas data where "the petitioner has identified no legal authority establishing a writ denominated as 'habeas data'"). For a discussion of the use of the writ in other countries, see Andrés Guadamuz, *Habeas Data: The Latin-American*

Petitioner also requests the issuance of a writ of "amparo." Pet. at 1, 8. The jurisprudence of the United States does not recognize such a writ.[2] The petition for this writ must therefore be denied.

### III.   Conclusion.

For the reasons discussed above, the combined petition for a writ of habeas corpus, habeas data, and amparo will be denied. A separate order shall issue this date.

*[signature]*
RICHARD J. LEON
United States District Judge

12/30/11

---

*Response to Data Protection*, J. Information, L. & Tech. (June 30, 2000), http://www2.warwick.ac.uk/fac/soc/law/elj/jilt/2000_2/guadamuz.

[2] As far as this Court can tell, the writ of amparo has never been issued by a United States court. *But see U.S. v. Fowlie*, 24 F.3d 1059, 1064 (9th Cir. 1994) (discussing, in the procedural history of a case, a petitioner's attempt to secure the writ in a foreign legal proceeding). For a discussion of the use of the writ in other countries, see Hector Fix Zamudio, *A Brief Introduction to the Mexican Writ of Amparo*, 9 Cal. W. Int'l L.J. 306, 310 (1979), and Hector Fix Zamudio, *The Writ of Amparo in Latin America*, 13 Law. Am. 361, 366–67 (1981).